## Louisville, Evansville & St. Louis Consolidated Railroad Company v. George McCullom.

1. VERDICT—*An End of Litigation.*—Where the circumstances in proof do not amount to a demonstration, but are sufficient to authorize a finding of a question of fact upon a theory of one of the parties litigant, the finding must stand as an end of litigation.

70    APPELLATE COURTS OF ILLINOIS.

VOL. 54.]   L., E. & St. L. Consolidated R. R. Co. v. McCullom.

**Memorandum.**—Action for killing domestic animals. Error to the
Circuit Court of Wayne County; the Hon. CARROLL C. BOGGS, Judge,
presiding.   Heard in this court at the February term, 1894, and affirmed.
Opinion filed June 23, 1894.

CREIGHTON & KRAMER, attorneys for plaintiff in error.

HANNA & HANNA, attorneys for defendant in error.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE
COURT.

The only question presented in this case is the alleged
insufficiency of the evidence to support a verdict and judg-
ment in favor of defendant in error.

At the point where the steer belonging to defendant in
error was killed, the railroad track runs nearly east and
west, inclining, however, slightly to the southeast and
northwest.

The wagon road runs west on the north side of the rail
road track till it reaches the track, then crosses to the south
side, and then runs west again.   There is a cattle-guard
forty-five feet east of the intersection of the two roads, and
another 300 feet or more west of that point.   The railroad
track was not fenced at any point between the cattle-guards
at the time when the steer was killed; the line had been
open for more than six months, and no part of the road
between the cattle-guards was within any city, incorporated
town or village, laid out and platted into lots and blocks.
Soon after the accident the plaintiff in error fenced the
track on the west side of the crossing.

The right of recovery is conceded, provided the evidence
shows that the steer got upon the track at the unfenced space
west of the highway crossing, and wandered or was fright-
ened down the track till struck by the engine.   It is urged,
however, that the animal, for aught that appears to the con-
trary, may have gone upon the track at the crossing, in
which case plaintiff in error would not be liable, unless there
was a failure to give the statutory signal, and such failure
caused the accident.   There was no eye-witness of the col-

lision. A few minutes before the train passed, a "cow brute," in the language of the witness, was standing on the railroad track about 100 feet west of the crossing. Other cattle were near this point, but not on the track. Another witness saw where the cattle had gone on the track west of the highway crossing, and still another witness saw where the cattle had been on the track west of the highway crossing, and still another witness saw where cattle had been on the track about thirty-five or forty feet west of the crossing, and also where some animal, without doubt the steer which was killed, had struck the ground about six or eight feet east or northeast of the crossing, and as the witness expressed it had "kind of slid." The train which killed the steer was running east, and the animal was found soon afterward fifteen or twenty feet east of the crossing and twenty or twenty-five feet north of the track.

From these facts and circumstances it was the duty of the jury to find whether or not the steer went upon the track west of the crossing where a fence was required by law. Direct and positive evidence, which is not required even in a charge of murder, would certainly not be required here. While the circumstances proved do not amount to demonstration, they are sufficient to authorize a finding that the steer went upon the track according to the theory of the defendant in error, and that the plaintiff in error is liable for the animal's sudden demise. The judgment is affirmed.